Robert E. Rheinlander, Newman, Trockman, Lloyd, Flynn & Rheinlander, P. C., Evansville, for defendant-appellant.

Ronald Warrum, Evansville, for plaintiffs-appellees.

ROBERTSON, Judge.

## SEASON–SASH MANUFACTURING CO., Defendant-Appellant,

v.

## William PANCAKE and Aileene Pancake, Plaintiffs-Appellees.

### No. 1–880A212.

Court of Appeals of Indiana, First District.

June 8, 1981.

### ON PETITION FOR REHEARING

We grant the appellant's petition for rehearing, rescind the previous memorandum opinion relating to interlocutory appeals, and address the merits of the cause.

The record shows that during the discovery phase of this case the plaintiffs-appellees, Pancakes, filed a notice to take the deposition of one Jim Weathers, a resident of Fayette County, Kentucky, and vice-president and general manager of the defendant-appellant Season-Sash Manufacturing Company. The deposition was scheduled for 3:00 P.M., July 15, 1980, at Pancakes' lawyer's office in Evansville, Indiana. Season-Sash filed a motion to quash the notice of deposition which the trial court denied. After Weathers failed to appear, the Pancakes filed a motion for default judgment and appropriate sanctions. After a hearing the trial court awarded to Pancake attorney fees of $275.00, reporter fees

of $25.00, and ordered Weathers to be available for a deposition within 10 days. This interlocutory appeal followed.

The central issue posed by Season-Sash is whether an Indiana court has the authority to issue and enforce a subpoena for taking a deposition under Trial Rule 45(D) of a non-resident of Indiana without first satisfying the requirements of that rule.

That portion of T.R. 45(D)(2) applicable to the appeal reads:

. . . . .

An individual may be required to attend an examination only in the county wherein he resides or is employed or transacts his business in person, or at such other convenient place as is fixed by an order of court. A non-resident of the state may be required to attend only in the state and county wherein he is served with a subpoena, or within forty [40] miles from the place of service, or at such other convenient place as is fixed by an order of court....

Among other things, the Pancakes assert that Weathers, as an officer of the defendant company, should not be included within the requirements as set forth in the rule.

Comments in Harvey's Indiana Practice strongly support the position of Season-Sash:

Rule 45(D)(2) limits the place of taking, and prevents a witness from being put to unnecessary trouble and expense by being required to travel a great distance to give his deposition. A resident witness or a defendant may be required to attend an examination only in the county wherein he resides, or is employed, or transacts his business in person, or at such other convenient place as the court determines. A non-resident plaintiff may be required to attend at his own expense an examination in the county of the State where the action was commenced, or in a county fixed by the court.

3 *Harvey, Indiana Practice*, § 45.4 at p. 318 (1970). It would appear, therefore, that the intent of the rules does not make a distinction for a party defendant from the geographical limits specified in T.R. 45(D)(2).

We are of the opinion the trial court erred in failing to grant the motion to quash because the subpoena issued for the attendance of Weathers at a deposition was not in conformity with T.R. 45(D)(2).

Cause reversed and remanded for further action not inconsistent with this opinion.

Reversed and remanded.

NEAL, P. J., and RATLIFF, J., concur.