

FILED

Dec 31 2025, 8:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



IN THE

# Court of Appeals of Indiana

Westwood Veterinary Clinic, LLC,

*Appellant-Plaintiff*

v.

Amber Blackburn,

*Appellee-Defendant*

---

December 31, 2025

Court of Appeals Case No.
25A-PL-1082

Appeal from the Hamilton Circuit Court

The Honorable Andrew R. Bloch, Judge

Trial Court Cause No.
29C01-2303-PL-2068

---

**Opinion by Judge Tavitas**
Judges Bailey and Kenworthy concur.

**Tavitas, Judge.**

## Case Summary

[1] Westwood Veterinary Clinic, LLC ("Westwood") appeals the trial court's grant of summary judgment to Amber Blackburn on Westwood's complaint and Blackburn's counterclaim. Westwood claims that the trial court abused its discretion by sanctioning Westwood, by granting summary judgment to Blackburn, and by awarding attorney fees to Blackburn. We disagree and, accordingly, affirm.

## Issues

[2] Westwood raises four issues, which we consolidate and restate as:

> I. Whether the trial court abused its discretion when it granted Blackburn's request for sanctions.
>
> II. Whether the trial court properly granted summary judgment to Blackburn.
>
> III. Whether the trial court abused its discretion when it awarded attorney fees to Blackburn.

## Facts

[3] Westwood is a veterinary clinic in Hancock County, and Blackburn is a veterinarian. In 2022, Blackburn entered into a Relief Veterinarian Contract with Westwood under which Blackburn would work for Westwood as needed for available shifts. The Contract provided, in part:

- An invoice will be e-mailed at the end of shift or at the end of the week if multiple shifts are contracted. Payment is due within 14 days of receiving the invoice.

- The practice is liable for all expenses and legal fees incurred in collection of payment for services. Late payment will be assessed and an additional fee of 10% of balance due, unless other arrangements have been made and have been accepted by both parties by text or email.

Appellant's App. Vol. II p. 28.

[4] On October 31, 2022, Blackburn informed Westwood that her September and October invoices were past due. Thomas O'Farrell, manager of Westwood, informed Blackburn that Westwood would mail the check to her residence. Blackburn made another inquiry regarding the unpaid invoices on November 11, 2022, and Westwood did not respond. On November 16, 2022, Blackburn informed Westwood that five invoices were past due and another was outstanding. On November 22, 2022, Blackburn informed Westwood that she would not be working her remaining scheduled shifts due to continuing nonpayment of the invoices. O'Farrell responded, "We really appreciate your services and hope you can continue to work with us in the future. Again, I understand you discontinuing service, but we do hope you will reconsider." Appellee's App. Vol. II p. 66. Blackburn followed up with Westwood several times in December regarding the unpaid invoices, with no response. Westwood failed to pay Blackburn a total of $4,250.

[5] On March 1, 2023, Westwood filed a complaint against Blackburn claiming that Blackburn breached her contract "by failing to work two scheduled days of work." Appellant's App. Vol. II p. 19. Blackburn filed an answer and verified counterclaim. In the counterclaim, Blackburn claimed that Westwood: (1) failed to pay her $4,250 for work performed; and (2) pursuant to the contract, Blackburn was entitled to attorney fees as a result of Westwood's breach.

[6] On February 15, 2024, Blackburn sent a notice of deposition for Westwood's designated corporate representative pursuant to Trial Rule 30(B)(6) for February 27, 2024. Blackburn's counsel informed Westwood's counsel that he was willing to work with her on an alternative date if necessary. Westwood did not respond or file a motion for a protective order pursuant to Trial Rule 26(C). Blackburn's counsel and staff followed up with Westwood's counsel on February 21 and February 23, but Westwood's counsel did not respond. Westwood's representative did not appear for the February 27 deposition. Two hours after the deposition was scheduled to begin, Westwood's counsel emailed, "As a professional courtesy, I am advising that I will not attend the depositions you unilaterally scheduled." Appellee's App. Vol. II p. 41. Blackburn's counsel sent a follow-up email, and again Westwood's counsel failed to respond.

[7] On March 28, 2024, Blackburn filed a motion to dismiss Westwood's claim pursuant to Trial Rule 37, a motion for default judgment on Blackburn's counterclaim, and a request for reasonable expenses and attorney fees as a

result of Westwood's failure to appear for its deposition.[1]  In August 2024, the trial court denied Blackburn's motion to dismiss but granted Blackburn's motion for sanctions.  The trial court found that Westwood "did not appear for a properly noticed deposition.  Counsel's objections were not appropriate and perhaps dilatory from the timely resolution of this matter."  Appellant's App. Vol. II p. 17.  The trial court ordered Westwood to pay $5,000 of Blackburn's attorney fees within forty-five days.

[8]     Blackburn filed a motion for summary judgment regarding Westwood's claim against her and her counterclaim against Westwood.  In support of her motion, Blackburn designated her verified counterclaim.  In response, Westwood argued, in part, that the verified counterclaim was not an affidavit for summary judgment purposes.  Westwood designated O'Farrell's affidavit and the invoices attached to Blackburn's counterclaim.

[9]     Blackburn then filed a reply in support of the motion for summary judgment. Blackburn argued that the verified counterclaim was properly designated and, alternatively, supplemented her designation with Blackburn's affidavit, which adopted and incorporated the entirety of the verified counterclaim.

---

[1] Blackburn also noticed the deposition of non-party O'Farrell, and O'Farrell also did not appear for the deposition.  Blackburn's motion for sanctions, however, addressed only Westwood's failure to appear. Blackburn did not request sanctions for O'Farrell's failure to appear, and the trial court's order on sanctions referenced only Westwood's conduct.

[10]     In September 2024, the trial court found no genuine issues of material fact and concluded that Blackburn was entitled to judgment as a matter of law on Westwood's claim against her and on Blackburn's counterclaim against Westwood. The trial court, thus, entered judgment for Blackburn in the amount of $4,250 plus late fees and interest.

[11]     The trial court also ordered Blackburn to file her itemized reasonable attorney fees and costs within thirty days. The trial court ordered Westwood to respond to Blackburn's filing with any exceptions or objections within ten days after Blackburn's filing. On October 9, 2024, Blackburn submitted her itemized attorney fees, costs, and expenses incurred, and Westwood failed to file a timely response despite an extension of time.[2]

[12]     In March 2025, the trial court entered the following order regarding Blackburn's attorney fees:

> Previously, this Court granted Defendant's Motion for Summary Judgment on Defendant's counterclaim and ordered that Defendant file an itemized bill of costs, expenses, and fees within thirty days of the date of the Order. Defendant filed this itemized statement with the Court on October 9, 2024.
>
> Thereafter, Plaintiff sought and received a sixty (60) day extension of time to file its exceptions or objections to the Defendant's Bill of Costs, Expenses, and Fees, meaning that

---

[2] Westwood filed a response on February 3, 2025, long after its response was due.

Plaintiff's objections or exceptions were due no later than December 18, 2024.

Plaintiff sought a second extension of time, but the Court denied this request on December 24, 2024. As of January 8, 2025, Plaintiff had not filed any exceptions or objections to Defendant's Bill of Costs, Expenses, and Fees.

Absent any evidence to the contrary, the Court finds that the stated attorneys fees of $53,818.50 and costs and expenses of $1,230.18 are reasonable under the circumstances, which involve protracted litigation and sanctionable conduct by Plaintiff and counsel.

WHEREFORE the Court orders that supplementary judgment be entered in favor of Defendant Amber Blackburn and against Plaintiff Westwood Veterinary Clinic, LLC in the amount of Fifty-five thousand forty-eight dollars and sixty-eight cents ($55,048.68).

Appellant's App. Vol. II p. 13. Westwood now appeals.

## Discussion and Decision

### I. Sanctions

[13] First, Westwood challenges the trial court's award of sanctions to Blackburn as a result of Westwood's failure to appear for a deposition. Our trial courts have "wide discretionary latitude to assess and manage discovery matters, and their orders carry a strong presumption of correctness." *Nail v. Smith*, 178 N.E.3d 801, 805 (Ind. Ct. App. 2021). We will reverse a discovery order "only when the appealing party can show an abuse of discretion." *Id.* An abuse of

discretion occurs when a trial court reaches a conclusion that is against the logic and effect of the circumstances before it. *Id.*

[14] After Westwood's corporate representative failed to appear at its deposition, Blackburn requested sanctions pursuant to Indiana Trial Rule 37(D), which provides:

> **(D) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Requests for Inspection.** If a party or an officer, director, or managing agent of a party or an organization, including without limitation a governmental organization, or a person designated under Rule 30(B)(6) or 31(A) to testify on behalf of a party or an organization, including without limitation a governmental organization, **fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just**, and among others it may take any action authorized under paragraphs (a), (b), and (c) of subdivision (B)(2) of this rule. **In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.**
>
> The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(C).

(emphasis added).

## A.  Trial Rule 26(F)

Westwood argues that Blackburn failed to attempt an informal resolution of the discovery dispute as required by Indiana Trial Rule 26(F) before filing a motion under Trial Rule 37.  Trial Rule 26(F) provides:

> Before any party files **any motion or request to compel discovery pursuant to Rule 37, or any motion for protection from discovery pursuant to Rule 26(C), or any other discovery motion which seeks to enforce, modify, or limit discovery**, that party shall:
>
> (1) Make a reasonable effort to reach agreement with the opposing party concerning the matter which is the subject of the motion or request; and
>
> (2) Include in the motion or request a statement showing that the attorney making the motion or request has made a reasonable effort to reach agreement with the opposing attorney(s) concerning the matter(s) set forth in the motion or request.  This statement shall recite, in addition, the date, time and place of this effort to reach agreement, whether in person or by phone, and the names of all parties and attorneys participating therein.  If an attorney for any party advises the court in writing that an opposing attorney has refused or delayed meeting and discussing the issues covered in this subsection (F), the court may take such action as is appropriate.
>
> The court may deny a discovery motion filed by a party who has failed to comply with the requirements of this subsection.

(emphasis added).

Here, Blackburn was requesting sanctions pursuant to Trial Rule 37(D) due to Westwood's failure to appear for a deposition. Such a request is not a "motion or request to compel discovery pursuant to Rule 37, or any motion for protection from discovery pursuant to Rule 26(C), or any other discovery motion which seeks to enforce, modify, or limit discovery." Thus, Trial Rule 26(F) is inapplicable. Moreover, even if Trial Rule 26(F) applied, Blackburn's motion detailed her counsel's attempts to resolve the dispute without the necessity of court intervention and Westwood's lack of a response to Blackburn's attempts. Accordingly, Westwood's argument is unpersuasive.

## B. Issuance of Subpoena

Next, Westwood argues that Blackburn failed to issue a proper subpoena for non-party Thomas O'Farrell. Blackburn sought two depositions—Westwood's corporate representative pursuant to Trial Rule 30(B)(6) and non-party O'Farrell. Neither appeared for the depositions.

Blackburn's motion for sanctions pursuant to Trial Rule 37(D), however, related only to the failure of Westwood's corporate representative to appear. The motion did not request sanctions for O'Farrell's failure to appear, and the trial court did not award sanctions to Blackburn regarding O'Farrell's failure to appear. A subpoena is unnecessary to take the deposition of a party. *See* Ind. T.R. 30(A) (noting that the attendance of "witnesses may be compelled by the use of subpoena as provided in Rule 45"); *see also* § 22.6. *Notice requirements for taking a deposition*, 22 IND. PRAC., CIVIL TRIAL PRACTICE § 22.6 (2d ed.) ("Notice alone is sufficient to compel the attendance of a party deponent,

whereas a subpoena is necessary to compel the attendance of a non-party deponent."). Accordingly, it was unnecessary for Blackburn to issue a subpoena to Westwood regarding the deposition. Again, Westwood's argument is unpersuasive.

## C. Geographic Limitation of Trial Rule 45(D)(2)

[19] Next, Westwood argues that the deposition violated the geographic limitation of Trial Rule 45(D)(2), which provides: "An individual may be required to attend an examination only in the county wherein he resides or is employed or transacts his business in person, or at such other convenient place as is fixed by an order of court." Westwood argues that it maintains a corporate headquarters in Boone County and a place of business in Hancock County, and thus, a deposition in Marion County was improper. Westwood argues that, as a result, it was justified in refusing to appear for the deposition.[3]

[20] A party cannot simply fail to appear at a deposition if they believe the deposition or notice is improper. Indiana Trial Rule 26(C) provides a mechanism for a party to seek a protective order from a discovery request. In fact, Trial Rule 37(D) provides that the failure to appear for a deposition "may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule

---

[3] Blackburn argues that the geographic limitations of Trial Rule 45(D)(2) apply only to subpoenas for witnesses, but we reached a different result in *Season-Sash Mfg. Co. v. Pancake*, 421 N.E.2d 652, 653 (Ind. Ct. App. 1981), where we held that the rule also applies to a party.

26(C)." Westwood did not avail itself of this remedy under Trial Rule 26(C). Under these circumstances, the trial court's sanction order is not an abuse of discretion.

### D. Adequate Location Information

[21] Finally, Westwood argues that the deposition notice failed to provide an adequate location for the deposition. The deposition notice described the location as "the offices of Taft Stettinius & Hollister LLP, One Indiana Square, Taft Center, Indianapolis, Indiana 46204-2023." Appellee's App. Vol. II p. 19. Westwood complains that this building is a thirty-six-story skyscraper and a more detailed location was required.

[22] The trial court was unimpressed with Westwood's argument, as are we. As the trial court noted, the deposition was to be held at a large law firm's office, where a receptionist would have been able to direct Westwood to the correct area. The trial court stated, "That's nonsense and you and I both know it." Tr. Vol. II p. 8. This Court agrees and finds Westwood's argument unpersuasive.

[23] We pause to note that our Supreme Court has "consistently rejected a gaming view of the litigation process." *Nail*, 178 N.E.3d at 806 (quoting *Outback Steakhouse of Fla., Inc. v. Markley*, 856 N.E.2d 65, 76, 77 (Ind. 2006)). Westwood makes no claim that it was unaware of the scheduled deposition; Blackburn's counsel made repeated efforts to contact Westwood's counsel with no response; and Westwood unilaterally decided that it was not required to appear. This gaming of the litigation process is unnecessary and unjustified. We encourage

counsel to avoid such tactics. We conclude that the trial court did not abuse its discretion by awarding Blackburn sanctions as a result of Westwood's conduct.

## II. Summary Judgment

[24] Westwood next challenges the trial court's grant of summary judgment to Blackburn on Westwood's complaint and Blackburn's counterclaim. "We review summary judgment decisions de novo, and Trial Rule 56(C) supplies the framework." *Cave Quarries, Inc. v. Warex LLC*, 240 N.E.3d 681, 684 (Ind. 2024). "The moving party is entitled to summary judgment only if the evidence it designates in support of its motion 'shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* at 684-85 (quoting Ind. Trial Rule 56(C)). The purpose of summary judgment is to withdraw issues from the jury only when there are no genuine factual issues for the jury to decide. *Id.* at 685. "Summary judgment is available when the nonmovant cannot prove its claim based on the undisputed evidence[.]" *Id.*

[25] The summary judgment movant has the burden of making a *prima facie* showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Burton v. Benner*, 140 N.E.3d 848, 851 (Ind. 2020). The burden then shifts to the non-moving party which must then show the existence of a genuine issue of material fact. *Id*. On appellate review, we resolve "[a]ny doubt as to any facts or inferences to be drawn therefrom . . . in favor of the non-moving party." *Id*. "We limit our review to the materials designated at the

trial level." *Gunderson v. State, Ind. Dep't of Nat. Res.*, 90 N.E.3d 1171, 1175 (Ind. 2018).

## A. Verified Counterclaim

In support of her motion for summary judgment, Blackburn designated her verified counterclaim. Westwood argues that Blackburn's verified counterclaim did not qualify as an affidavit and, thus, was not properly designated under Trial Rule 56. We need not address Westwood's argument because, even if the designation of the verified counterclaim was improper, Blackburn supplemented her designation with her affidavit, which adopted and incorporated the entirety of the verified counterclaim.

Our Courts have held that Trial Rule 56 "neither expressly permits nor precludes" a reply brief. *Jacks ex rel. Jacks v. Tipton Cmty. Sch. Corp.*, 94 N.E.3d 712, 716 (Ind. Ct. App. 2018), *trans. denied*. Further, Trial Rule 56(E) does "provide for affidavits submitted in support or in opposition to summary judgment to be supplemented or opposed by depositions, answers to interrogatories, and further affidavits." *Id.* "Thus, the submission of additional evidence after the initial filings is contemplated by the Rule." *Id.* Accordingly, Blackburn could supplement her designation, and Westwood does not argue that Blackburn's affidavit was improper. In fact, Westwood does not mention Blackburn's reply or affidavit at all and failed to include these documents in its appendix. Westwood's argument challenging Blackburn's designation of the verified counterclaim, thus, fails.

## B. Real Party In Interest

Next, Westwood argues that genuine issues of material fact exist regarding whether Blackburn is the real party in interest. Westwood argues that the invoices demonstrate the alleged debt is owed to "Amber Blackburn DVM, LLC," rather than Blackburn individually. Westwood, thus, argues that there is no contractual privity and that Blackburn is not the real party in interest.

Trial Rule 17(A) requires that "[e]very action shall be prosecuted in the name of the real party in interest." "Generally, only parties to a contract or those in privity with the parties have rights under the contract." *Perdue Farms, Inc. v. L&B Transp., LLC*, 239 N.E.3d 842, 849 (Ind. 2024) (quoting *OEC-Diasonics, Inc. v. Major*, 674 N.E.2d 1312, 1314-15 (Ind. 1996)). The designated evidence demonstrated that Westwood contracted with Blackburn individually. Accordingly, Blackburn was the real party in interest and properly brought her counterclaim.[4] The fact that Blackburn's invoices had a heading of Amber Blackburn DVM, LLC, does not change the real party in interest or create a genuine issue of material fact. Westwood has failed to demonstrate that the trial court erred by granting Blackburn's motion for summary judgment on Westwood's complaint or Blackburn's counterclaim.

---

[4] We also note that Westwood filed its complaint against Blackburn individually.

### III. Attorney Fees

[30] Finally, Westwood challenges the trial court's award of attorney fees to Blackburn. "We review a trial court's award of attorney's fees for an abuse of discretion." *River Ridge Dev. Auth. v. Outfront Media, LLC*, 146 N.E.3d 906, 912 (Ind. 2020). "An abuse of discretion occurs when the court's decision either clearly contravenes the logic and effect of the facts and circumstances or misinterprets the law." *Id.* "To make this determination, we review any findings of fact for clear error and any legal conclusions de novo." *Id.*

[31] The parties' contract provided that Westwood was "liable for all expenses and legal fees incurred in collection of payment for services." Appellant's App. Vol. II p. 28. After granting Blackburn's motion for summary judgment, the trial court ordered Blackburn to file her itemized reasonable attorney fees and costs within thirty days. The trial court ordered Westwood to respond to Blackburn's filing with any exceptions or objections within ten days thereafter. Blackburn submitted her itemized attorney fees, costs, and expenses incurred, and Westwood failed to file a timely response despite an extension of time.

[32] Westwood now argues that: Blackburn failed to establish the prevailing rate for attorney fees; the award was excessive; Blackburn's agreement with her counsel was improper; and the relevant factors do not support the amount of the attorney fee award. Westwood has waived its arguments on appeal by failing to present these arguments to the trial court as it was determining the amount of fees to award. *See Edwards ex rel. Glaser v. City of Carmel*, 191 N.E.3d 900, 911 n.10 (Ind. Ct. App. 2022) ("Plaintiffs did not argue the amount of attorney fees

submitted by the City of Carmel was unreasonable. Nor did Plaintiffs argue before the trial court that the City of Carmel was requesting fees for too long a timeframe. Thus, Plaintiffs also waived their argument on appeal by failing to present these arguments to the trial court as it was determining the amount of fees to award.").

[33] In her itemization of attorney fees and expenses, Blackburn noted that Westwood's conduct during the litigation significantly increased the attorney fees. Despite the case being clear cut, Westwood and its counsel failed to appear for a deposition, repeatedly failed to respond to settlement offers and other inquiries from Blackburn's counsel, and "threw up every roadblock of delay and non-responsiveness." Appellant's App. Vol. II p. 99. Under these circumstances, Westwood has failed to demonstrate that the trial court abused its discretion in its attorney fee award.

## Conclusion

[34] Westwood failed to demonstrate that the trial court abused its discretion by awarding sanctions; failed to demonstrate that the trial court erred by granting Blackburn's motion for summary judgment; and failed to demonstrate that the trial court abused its discretion in awarding Blackburn attorney fees. Accordingly, we affirm.

[35] Affirmed.

Bailey, J., and Kenworthy, J., concur.

ATTORNEY FOR APPELLANT

Heather McClure O'Farrell
McClure O'Farrell
Livingston, Texas


ATTORNEY FOR APPELLEE

Benjamin C. Fultz
Fultz Maddox Dickens PLC
Louisville, Kentucky